**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Robert Joyner, ) | Cr. No. 3:06-00016 |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Robert Joyner ("Movant"), a *pro se* prisoner, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Movant is currently in the custody of the Federal Bureau of Prisons pursuant to a commitment order from the United States District Court for the District of South Carolina. Movant filed the within § 2255 motion on July 16, 2008. On August 18, 2008, Movant filed a memorandum in support of his § 2255 motion. The United States of America ("Respondent") filed a motion for summary judgment on October 1, 2008. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order on October 2, 2008, advising Movant of the summary judgment procedure and the possible consequences if he failed to respond adequately. On January 15, 2009, Movant filed a reply in opposition to Respondent's motion for summary judgment.

## I. FACTS

On July 24, 2005, Movant was stopped at a driver's license checkpoint. PSR ¶ 6. Movant failed to produce his license and "drove off at a high rate of speed." PSR ¶ 6. During the subsequent chase, Movant lost control of his vehicle and struck a car parked in a driveway. PSR ¶ 6. Movant then struck a police vehicle in continuing to attempt to evade the police. PSR ¶ 6. Movant again lost control of his vehicle and crashed into a tree. PSR ¶ 6. Movant then tried to flee on foot, but

was taken into custody. PSR ¶ 7. Movant was searched pursuant to his arrest and $2,000.00 was found on Movant's person. PSR ¶ 7. A search of the vehicle revealed 65.31 grams of cocaine base in a bag under the hood of Movant's vehicle. PSR ¶ 8. During the chase, two adults other than Movant, a child and an infant were in Movant's vehicle. PSR 8. Movant was arrested and charged with multiple driving offenses, Assault and Battery with Intent to Kill, Trafficking Crack Cocaine, and Child Endangerment. PSR ¶ 5.

Movant was the sole defendant named in a one count Indictment ("Indictment") with forfeiture allegations that was filed on January 4, 2006. Count One of the Indictment charged that on or about July 24, 2005, Movant possessed with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). On August 7, 2006, the court held a suppression hearing in Movant's case regarding Movant's motions to suppress his statement on July 24, 2005 and to suppress evidence seized from Movant's vehicle. The court granted in part Movant's motion to suppress, suppressing all of Defendant's statements after but not includeing Defendant's statement, "Man, I'll talk to an attorney. Go ahead and let them go." Entry 49. At trial, Officer George testified that Officer Periera attempted to verify Movant's license and discovered that Movant's license was suspended. *See* Trial Tr. 59:19-22. On August 23, 2010, Movant was found guilty of Count One by a jury. Movant was sentenced to life imprisonment and ten years of supervised release. On November 17, 2006, Movant timely noticed his appeal.

In his appeal brief, Movant raised the following issues for review:

1) Whether the district court erred in not granting a mistrial when a law enforcement officer testified that the defendant confessed, after the court had ruled the statement inadmissible.

2) Whether the district court erred in denying the defendant's motion to suppress the search of the vehicle he was driving.

3) Whether the district court erred in failing to suppress all of the defendant's statements following the *Miranda* warnings.

Movant's Appellate Brief, 2007 WL 2348669. On August 15, 2007, Movant's conviction and sentence were affirmed by the Court of Appeals for the Fourth Circuit. *United States v. Joyner*, No. 06-5193, 2007 WL 2348669 (4th Cir. Aug,. 15, 2007).

## II. SUMMARY JUDGMENT STANDARD

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered when a moving party has shown "[that] the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The evidence presents a genuine issue of material fact if a "reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The moving party bears the burden of proving that there are no facts from which a jury could draw inferences favorable to the non-moving party. *Celotex Corp. v. Catrett*, 477

U.S. 317, 322-23 (1986). Once the moving party makes this showing, the opposing party must set forth specific facts showing there is a genuine issue for trial. *Id.* Summary judgment should only be granted in those cases where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law. *McKinney v. Bd. of Tr. of Mayland Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992).

## III.  DISCUSSION

In the within § 2255 motion, Movant asserts the following grounds for relief: (1) the court lacked jurisdiction, (2) prosecutorial misconduct; and (3) ineffective assistance of trial and appellate counsel.

A.    <u>Lack of Jurisdiction</u>

Movant contends that the form of cocaine base at issue in his case, "crack," "does not meet the requirements mandated by Congress." Movant contends that because crack does not have a currently accepted medical use, it is not a Schedule II controlled substance, but instead is a Schedule I controlled substance. Entry 104-2 at 3. Movant contends that this alleged flaw in the Indictment deprives the court of subject-matter jurisdiction. Entry 104-2 at 3. The court disagrees.

Title 21, United States Code, Section 812(a) establishes five schedules of controlled substances. Section 812(a), establishes that when these schedules were codified, they included certain listed substances. *Id.* 21 U.S.C. § 812(b) provides:

> Schedules I, II, III, IV, and V shall, unless and until amended pursuant to section 811 of this title, consist of the following drugs or other substances, by whatever official name, common or usual name, chemical name, or brand name designated:
>
> . . .

**Schedule II**

(a) Unless specifically excepted or unless listed in another schedule, any of the following substances whether produced directly or indirectly by extraction from substances of vegetable origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis:

. . .

> (4) coca leaves, except coca leaves and extracts of coca leaves from which cocaine, ecgonine, and derivatives of ecgonine or their salts have been removed; cocaine, its salts, optical and geometric isomers, and salts of isomers; ecgonine, its derivatives, their salts, isomers, and salts of isomers; or any compound, mixture, or preparation which contains any quantity of any of the substances referred to in this paragraph.

Title 21, United States Code, Section 812(b) also lists the criteria for the placement of additional substances within the five schedules by the Attorney General. *Id.*; *see also* 21 U.S.C. § 811(a). In order for a new substance to be placed within Schedule II, the following findings must be made: "(A) [t]he drug or other substance has a high potential for abuse"; "(B) [t]he drug or other substance has a currently accepted medical use in treatment in the United States or a currently accepted medical use with severe restrictions"; and "(C) [a]buse of the drug or other substances may lead to severe psychological or physical dependence."

Because cocaine base and crack cocaine are both mixtures that contain cocaine and are derived from coca leaves, *Sanders v. United States*, 237 F.3d 184, 184 (2d Cir. 2001), both substances are included within the original substances listed in Schedule II. The requirements for listing new controlled substances found in 21 U.S.C. § 812(b), therefore, do not apply. The court finds that the indictment was not flawed and that the court properly exercised jurisdiction in this case.

B.  Prosecutorial Misconduct

Movant contends that the United States committed prosecutorial misconduct because it: (1) violated its duty under 21 U.S.C. § 811, and (2) violated the suppression order of the court. To establish prosecutorial misconduct, Movant must show that: (1) the government's conduct was improper; and (2) the conduct prejudicially affected substantial rights so as to deprive Movant of a fair trial. *See United States v. Allen*, 491 F.3d 178, 191 (4th Cir. 2007). The Supreme Court has held that in order for prosecutorial misconduct to rise to the level of a due process violation, "the prosecutorial misconduct must be of sufficient significance to result in the denial of the defendant's right to a fair trial." *Greer v. Miller*, 483 U.S. 756, 765 (1987).

1.  *Title 21, United States Code, Section 811*

Movant contends that the Attorney General violated his duty under 21 U.S.C. § 811 by failing to remove crack from the list of Schedule II controlled substances and place it on the list of Schedule I controlled substances. This objection is without merit. As was discussed above, crack is one of the substances originally listed by Congress in Schedule II.

2.  *The Court's Suppression Order*

Movant contends that when the government played trial exhibit #2 to the jury, it exposed the jury to communications that the court excluded in its suppression order. In its response, the government denies that any violation of the suppression order occurred.

In its suppression order, the court suppressed all statements after but not including Defendant's statement, "Man, I'll talk to an attorney. Go ahead and let them go." Entry 49. The court reporter did not take down the contents of trial exhibit #2 in trial transcript. Thus, the trial transcript does not reveal whether any communications subject to the suppression order were published to the

jury when trial exhibit #2 was played. Instead, the transcript merely reflects that exhibit #2 was played for the jury. The transcript also shows that the only objection trial counsel made to the tape was that trial counsel had not had the opportunity before trial to review the version of the tape with the transcript printed at the bottom to ascertain its accuracy. Trial Tr. 76:14-82:8; 84:24-86:12. In addition, when presiding over Defendant's trial, the court inquired as to whether the tape had been redacted and was advised that only the portions ruled admissible would be played. The only objection to trial exhibit #2 was whether the transcript at the bottom of the tape would go to the jury. and the government stated it did not intent to send the transcribed version of the tape to the jury,

The court has obtained the exact copy of trial exhibit #2 that was redacted and played at trial from the Court of Appeals for the Fourth Circuit.[1] Trial exhibit #2 was submitted to the Fourth Circuit as part of the joint appendix filed by appellate counsel in connection with Movant's direct appeal. The court has reviewed the tape and concludes that none of the suppressed statements is contained therein. Based upon the trial transcript, the fact that there was no objection at the trial that suppressed statements were inadvertently played, and the contents of trial exhibit #2, the court finds that no violation of the suppression order occurred. Movant is not entitled to recovery on this ground.

C.  Ineffective Assistance of Counsel

Movant contends that he was provided ineffective assistance of counsel at his trial and on appeal. Movant specifically argues: (1) trial counsel failed to conduct meaningful pretrial

---

[1] On July 14, 2010, the court entered a text order directing Respondent to produce to the court trial exhibit #2 or a copy of this exhibit as well as a sworn statement that the videotape had not been modified, changed, or otherwise tampered with subsequent to trial. Because the court was able to obtain the copy of trial exhibit #2 played at trial directly from the Fourth Circuit, this order is moot.

7

investigation; (2) trial counsel failed to object to the introduction of evidence; (3) trial counsel failed to move for a mistrial; (4) trial counsel failed to present witnesses on behalf of Movant; (5) trial counsel failed to properly inform Movant of his right to testify and the significance of such a decision; (6) trial counsel failed to properly file a Fed. R. Crim. P. 29 and/or 33, motion; (7) trial counsel failed to object to a prejudicial jury instruction; (8) appellate counsel failed to advise Movant of his right to petition the Supreme Court for certiorari; and (9) appellate counsel failed to present the issues of lack of jurisdiction, prosecutorial misconduct, and ineffective trial counsel to the appellate court.

To prove ineffective assistance of counsel, Movant must show that counsel's performance was deficient. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it is not reasonable under prevailing professional norms. *Id.* at 688. There is a strong presumption that defense counsel's conduct is within the wide range of reasonable professional assistance, and the court is required to grant broad deference to scrutinizing an attorney's performance. *Id.* at 688-89.

Movant also must demonstrate that he was prejudiced by trial counsel's alleged deficient performance, in that because of trial counsel's unprofessional errors, the result of the proceeding would have been different. *See id.* at 694. Even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error had no effect on the judgment. *Id.* at 694. "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt" about his guilt at trial. *Id.* at 695. Moreover, Movant "must affirmatively prove" such reasonable probability. *Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994) (emphasis

added). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.

1. *Meaningful Pretrial Investigation*

Movant makes several arguments to substantiate his claim that trial counsel did not conduct a meaningful pretrial investigation. The court will address each separately. Movant first argues that trial counsel was ineffective for not knowing that crack was not a Schedule II controlled substance such that the Indictment was defective. This argument is without merit. As the court has already explained, both crack and cocaine base are Schedule II controlled substances. Trial counsel was not deficient for failing to make a meritless argument.

Movant also argues that trial counsel was ineffective for failing to have the bag of drugs fingerprinted. Movant contends that if his fingerprints were not found on the bag of drugs, and especially if the fingerprints of another were found, he might have been acquitted. The court disagrees. Even assuming counsel was deficient, this claim does not satisfy the prejudice prong of the *Strickland* test. Movant must "affirmatively prove" a reasonable probability that the trial jury would have had a reasonable doubt about his guilt had trial counsel shown that his fingerprints were not on the bag of drugs. No testimony at trial placed the bag of drugs directly in Movant's hands. As a result, any absence of fingerprints on the bag of drugs would not undermine the testimony at trial that the bag of drugs was found under the hood of the vehicle Movant was driving and thus, in Movant's possession. Movant has not "affirmatively proved" a reasonable probability that the jury would have reached a different verdict had trial counsel introduced fingerprint evidence. *See Spencer*, 18 F.3d at 233. Movant is not entitled to relief on this ground.

Movant's final argument regarding insufficient pretrial investigation is that trial "counsel failed to ascertain [from Movant prior to trial] whether or not Movant knew what cocaine base was[,]" which Movant argues, removed the knowledge element of the offense from the consideration of the jury. Entry 104-2 at 7. To meet its burden of proof, the government was required to show by direct or circumstantial evidence that Movant knowingly possessed the controlled substance named in the Indictment, knowing that it was a controlled substance. *See* 21 U.S.C. 841(a)(1).

Movant contends that prior to the beginning of his case, he did not know that crack was a form of cocaine base. Movant argues that trial counsel "assum[ed] that [Movant] did know what [cocaine base] was" and "proceeded along those lines and removed teh [sic] requirement that the government prove that [Movant] knowingly possessed 'cocaine base,' as stated in the statute, which would have further required that they prove that [Movant] knew that cocaine base was a violation of federal law, and that he knew that the distinct form of cocaine base known as 'crack' was a violation of federal law." Entry 104-2 at 7. This argument is without merit.

Movant need not have known that crack was a form of cocaine base so long as it was shown at trial that Movant knew that he possessed a controlled substance. There was sufficient evidence of this element at trial in that the concealment of the drugs under the hood of the vehicle is circumstantial evidence that Movant knew that crack was a controlled substance. Counsel was not deficient for failing to ascertain whether Movant knew that crack was a form of cocaine base because this was not an element of the charged offense. Movant is not entitled to relief based upon this ground.

2.  *Failure to Object to the Introduction of Evidence*

Movant makes several arguments in support of his claim that trial counsel was ineffective for failing to object to the introduction of evidence. Each of these arguments will be addressed separately. Movant first contends that trial counsel erred in failing to object to questions put to Officer George regarding the $2,000.00 found on Movant's person when Officer George had already stated that he was not aware of anything else being found. Movant contends that trial counsel should have objected to this prejudicial testimony especially because the $2,000.00 was never introduced at trial. The court disagrees.

Trial counsel attempted to exclude the $2,000.00 from being introduced as evidence at trial by filing a motion in limine. This motion was denied. Although the government did not introduce the actual currency into evidence, photographs of the bills were properly admitted into evidence as Exhibits 3-A and 3-B. The Federal Rules of Evidence do not require that the actual currency be submitted as evidence. Because of these rulings, counsel had no basis for an objection to questions asked of Officer George and was not deficient.[2] Movant also fails to show how this alleged deficiency prejudiced the outcome of his trial. Because photographs of the $2,000.00 were properly admitted into evidence, any comments about the $2,000.00 by Officer George did not prejudice Movant's trial. Movant is not entitled to relief on this ground.

Movant next contends that the "constant references to the money" that was never admitted into evidence were improper and trial counsel was ineffective for failing to object to these references. The court has found that evidence of the $2,000.00 seized from Movant was properly admitted at

---

2  It is axiomatic that failure to raise a meritless objection cannot serve as a ground for ineffective assistance of counsel. *Bolander v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994).

trial. Counsel was not ineffective for failing to object to references to properly admitted evidence. Movant is not entitled to relief on this ground.

Movant contends that trial counsel was ineffective for failing to object to the testimony of Amanda Sherer ("Sherer") that the substance found under the hood of the car was "the distinct form of cocaine base known as crack" and that crack is a Schedule II controlled substance. Movant contends that Sherer was not qualified to give this testimony. This argument is without merit. As was discussed in detail above, because cocaine base and crack cocaine are both mixtures that contain cocaine and are derived from coca leaves, *Sanders v. United States*, 237 F.3d 184, 184 (2d Cir. 2001), both substances are Schedule II controlled substances. Sherer was found by the court to be an expert in the field of forensic chemistry. Sherer's experience, including a master's degree in forensic science, training in drug analysis, and the performance of approximately 3,000 drug analyses, qualified Sherer to testify as to whether or not the substance found under the hood of the vehicle Movant was driving was crack cocaine, a Schedule II controlled substance. Movant is not entitled to relief on this ground.

Movant contends that trial counsel was ineffective for failing to object to Officer Periera's testimony that Movant's license appeared to be valid as misleading because "they all knew that [Movant's] license was revoked." Entry 104-2 at 12. Movant contends that he was prejudiced by this testimony because it led the jury to believe that the only reason Movant had to flee the police was because he had drugs under the hood of his car. The court disagrees. While at the trial, both parties may have known that Movant's license was suspended, Officer Periera did not have this knowledge at the time of Movant's arrest. Officer Periera's testimony as to what he thought at the time was permissible. Moreover, Officer George testified at trial that after Officer Periera attempted

to verify Movant's license, the officers knew Movant's license was suspended. *See* Trial Tr. 59:19-22. Because Officer George's testimony established that Movant's license was suspended, Movant was not prejudiced by Officer Periera's testimony such that the outcome of his trial would have been different.

Movant contends that counsel was ineffective for failing to object to the publishing of suppressed statements to the jury during the playing of trial exhibit #2 at trial. As was previously discussed, the court finds that no violation of the suppression order occurred. Movant is not entitled to recovery on this ground.

Movant contends that counsel was ineffective for failing to request a curative instruction after Officer Periera characterized Movant's comments during the arrest as admitting that the drugs were his. The court disagrees. After Officer Periera made this statement, trial counsel immediately moved for a mistrial based on the court's suppression order. The court denied the motion for a mistrial. This ruling was upheld on appeal in part because Officer Periera clarified that this was merely his interpretation of Movant's statements. *United States v. Joyner*, 2007 WL 2348669, at *8. Subsequent to the court's denial of the motion for a mistrial, the court offered to consider a curative instruction. Trial Tr. 112:13-14. Trial counsel states in her affidavit that she made the strategic decision not to seek a curative jury instruction because she did not want attention to be drawn to the damaging statement a second time. Entry 112-3 at 3. The court finds that such a trial strategy does not fall below the objective standard of reasonableness. Trial counsel's actions were not deficient and Movant is not entitled to relief on this ground.

3. *Failure to Move for a Mistrial*

Movant contends that trial counsel was ineffective for failing to move for a mistrial after suppressed statements were published to the jury during the playing of trial exhibit #2. The court has ruled that no violation of the suppression order occurred. Movant is not entitled to recovery on this ground.

4. *Failure to Present Witnesses on Behalf of Movant*

Movant next argues that trial counsel was ineffective for failing to call Ms. Jacklyn Smith and Mr. Robert Piles as witnesses on his behalf. When trial counsel's conduct is challenged for failing to present certain evidence, the inquiry is generally focused on whether trial counsel's decision not to present that evidence was reasonable. *See Wiggins v. Smith*, 539 U.S. 510, 521-23 (2003); *Wilson v. Ozmint,* 352 F.3d 847, 860 (4th Cir. 2003). Generally speaking, courts should not second guess an attorney's trial strategy. *Goodson v. United States*, 564 F.2d 1071, 1072 (4th Cir. 1977). Counsel's affidavit, however, did not address her reasons for declining to call Ms. Smith and Mr. Piles as witnesses.

Regardless of whether trial counsel's decision not to call these witnesses was reasonable, the court finds that this claim does not satisfy the prejudice prong of *Strickland*. Movant must "affirmatively prove" a reasonable probability that the trial jury would have had a reasonable doubt about his guilt had trial counsel called these witnesses. Movant argues that these witnesses would have testified that they were in Movant's presence for most of the day and had not seen him in possession of any drugs. Such testimony, however, does not "affirmatively prove" that the outcome of the trial would have been different. Based upon Movant's characterization of the possible testimony, neither witness would have been able to account for Movant's actions for the whole day

such that Movant could not have put the drugs under the hood of the car. Therefore, Movant is not entitled to relief based upon this claim.

5.   *Failure to Inform Movant of His Right to Testify*

Movant contends that he wished to testify at trial, but swears that counsel discouraged him and threatened to stop serving as counsel if he testified. Entry 104-3 ¶¶ 12-15. Movant contends that this was ineffective assistance of counsel.

In her affidavit responding to Movant's claims, trial counsel states that she advised Movant that he had a right to testify at both his suppression hearing and his jury trial and that it was Movant's decision not to testify at either hearing. Trial counsel states that she did not attempt to discourage Movant from testifying because Movant was subject to a mandatory life sentence if convicted and therefore neither the two-level obstruction of justice enhancement or the three-level acceptance of responsibility enhancement would apply. Entry 112-3 ¶ 11. Trial counsel also states that she never told Movant that she would abandon him or otherwise threaten him. Entry 112-3 ¶ 4. In addition, any failure of counsel to inform Movant of his right to testify was cured when the court informed Movant of his right to testify and Movant affirmed that he did not wish to testify. Trial Tr. Vol. II 133:12-21. Because Movant was given the opportunity to testify and declined to do so, he cannot satisfy the prejudice prong of Strickland. Movant is not entitled to recovery on this ground.

6.   *Failure to File a Rule 29 and/or Rule 33 Motion*

Movant next contends that counsel was ineffective for failing to file a motion for judgment of acquittal or motion for new trial. This contention is without merit. Trial counsel did in fact make

15

an oral motion for judgment of acquittal, which was denied by this court. Trial Tr. 132:2-133:3. Movant is not entitled to relief on this ground.

       7.     *Failure to Object to the Court's "Fleeing Instruction"*

Movant contends that trial counsel was ineffective for failing to object to the court's jury instruction that the jury could infer consciousness of guilt from Movant's flight from law enforcement. Movant contends that trial counsel should have requested an alternative jury instruction stating that he had a suspended driver's license and that this could have been the reason for his flight. This contention is without merit. While a defendant is entitled to a jury instruction on any theory of defense for which there is a foundation in the evidence, *United States v. Hicks*, 748 F.2d 854, 857 (4th Cir. 1984), the court's instruction was not inconsistent with Movant's theory that he fled due to his suspended license and not because he knowingly possessed drugs. Therefore, the court finds that counsel was not deficient in failing to request Movant's proposed instruction.

       8.     *Failure to Request an Instruction Regarding the Requirements of Schedule II*

Movant contends that trial counsel was ineffective for failing to request a jury instruction containing the "requirements of Schedule II." As the court explained above, Movant misapprehends the requirements listed for Schedule II in 21 U.S.C. § 812. These requirements do not apply to the substances originally listed in Schedule II; they apply only to additional substances that the Attorney General may seek to add to Schedule II. Counsel was not deficient for failing to request an inapplicable jury instruction.

9. *Failure to Advise Movant of His Right to Petition for Certiorari*

Movant contends that appellate counsel failed to inform Movant of his right to petition the Supreme Court for certiorari and that such failure caused Movant to miss his opportunity to present his appeal to the Supreme Court. The court disagrees.

Appellate counsel states in her affidavit that she informed Movant of his right to petition for certiorari. Entry 112-3 ¶ 12. Appellate counsel has filed with the court a letter sent to Movant on August 20, 2007 advising Movant of his right to petition the Supreme Court for certiorari. Entry 112-3 at 5-6. In light of this evidence and Movant's unsubstantiated allegations to the contrary, the court finds that appellate counsel did not fail to advise Movant of his right to petition for certiorari. Therefore, Movant is not entitled to relief on this ground.

10. *Failure to Present Issues to the Appellate Court*

Movant argues that appellate counsel was ineffective because she failed to present the previously discussed issues of lack of jurisdiction, prosecutorial misconduct and ineffective assistance of trial counsel to the appellate court. The court disagrees.

As was previously discussed, Movant's allegation that the court lacked jurisdiction and the related prosecutorial misconduct claim are without merit. As a result, appellate counsel was not deficient in failing to raise these issues on appeal. Counsel was also not deficient in failing to raise Movant's ineffective assistance of trial counsel claims on appeal. *See United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999) (finding that claims of ineffective assistance of counsel should be raised by a habeas corpus motion and not on direct appeal unless it conclusively appears from the record that trial counsel was ineffective). With regard to Movant's prosecutorial misconduct claim

related to the playing of trial exhibit #2, the court finds that Movant is not entitled to relief because no violation of the suppression order occurred during the playing of exhibit #2 for the jury.

## IV. CONCLUSION

Based upon the foregoing, Respondent's motion for summary judgment (Entry 112) is **granted.** Movant's Motion for Evidentiary Hearing (Entry 124) is **denied.** Movant's Motion to Continue (Entry 94) and Motion for Clarification and Order (Entry 100) are **denied** as moot.

**IT IS SO ORDERED**.

s/ Margaret B. Seymour
The Honorable Margaret B. Seymour
United States District Judge

July 26, 2010
Columbia, South Carolina