## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | | |
|---|---|---|
| Robert Joyner, | ) | Cr. No. 3:06-00016 |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On July 16, 2008, Robert Joyner ("Joyner"), a *pro se* prisoner, sought to vacate, set aside, or correct his sentence by filing a motion pursuant to 28 U.S.C. § 2255. On July 27, 2010, the court denied Joyner's § 2255 motion. This case is before the court on Joyner's motion for an extension of time to refile notice of appeal, or alternatively, for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), which motion was filed on June 15, 2011.

## I.  BACKGROUND

Joyner was the sole defendant named in a one count Indictment ("Indictment") with forfeiture allegations that was filed on January 4, 2006. Count One of the Indictment charged that on or about July 24, 2005, Joyner possessed with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). On August 23, 2010, Joyner was found guilty of Count One by a jury. Joyner was sentenced to life imprisonment and ten years of supervised release. On November 17, 2006, Joyner timely noticed his appeal. On August 15, 2007, Joyner's conviction and sentence were affirmed by the Court of Appeals for the Fourth Circuit. *United States v. Joyner*, No. 06-5193, 2007 WL 2348669 (4th Cir. Aug,. 15, 2007).

## II. DISCUSSION

Joyner alleges that after the court denied his 2255 motion, he mailed his notice of appeal to the court on August 23, 2010. The notice of appeal was never received by the court. Joyner contends that he should be permitted an extension of time to file his notice of appeal because the failure of his notice of appeal to reach the court was "due to circumstances beyond [his] control." Entry 134 at 2. Joyner has attached as exhibits to his motion: 1) a cover letter and notice of appeal dated August 23, 2010; 2) a copy of correspondence dated November 22, 2010 requesting information about his appeal; 3) a copy of correspondence dated June 1, 2011 requesting information about his notice of appeal; and 4) a copy of correspondence dated June 7, 2011 from a deputy clerk informing Joyner that neither a notice of appeal or a motion for certificate of appealability had been filed in his case because the court had not received either of these documents. Joyner seeks relief pursuant to the "unique circumstances doctrine," Federal Rule of Appellate Procedure 4(a)(5), or Federal Rule of Civil Procedure 60. *Id.*

A.    <u>Unique Circumstances Doctrine</u>

Joyner contends that the "Supreme Court has held that District Court's [sic] may grant relief in these circumstances under the 'unique circumstances doctrine.'" Entry 134 at 2. The unique circumstances doctrine was first recognized in *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.*, 371 U.S. 215 (1962). In *Harris*, the Supreme Court reversed the dismissal of an appeal by the Seventh Circuit holding that "a party who relies upon the trial judge's finding of 'excusable neglect' prior to the expiration of the 30-day period [for filing a notice of appeal] and then suffers reversal of that finding, [the trial judge's finding] should be given great deference by the reviewing court." *Id.* at 217. In *Thompson v. INS*, 375 U.S. 384 (1964), the Supreme Court applied the *Harris* doctrine

2

in finding that a court of appeals had jurisdiction over a petitioner's appeal even though the petitioner's notice of appeal was untimely. *Id.* at 387. However, in *Bowles v. Russell*, 551 U.S. 205 (2007), the Supreme Court held that it would no longer recognize the unique circumstances doctrine to excuse an untimely filing of a notice of appeal, overruling both *Harris* and *Thompson*. *Id.* at 214. The Court reasoned that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement and the Court does not have authority to create equitable exceptions to jurisdictional requirements. *Id.* Therefore, the court cannot grant Joyner an extension to file a notice of appeal based upon the unique circumstances doctrine.

B.     Federal Rule of Appellate Procedure 4

Joyner contends that "[u]nder Rule 4(a)(5)(A)(ii), . . . a district court may extend the time for filing a notice of appeal if 'regardless of whether its motion is filed before or druing [sic] the 30 days after time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause,'" and that the loss of his notice of appeal in the mail should constitute excusable neglect or good cause. Entry 134 at 2. Joyner leaves out one of Rule 4(a)(5)(A)'s requirements for an extension of time to file a notice of appeal.

Federal Rule of Appellate Procedure 4 provides that a district court "may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; **and** (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A) (emphasis added). No extension under "Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C). Rule 4(a)(1)(B) provides a deadline of 60 days after

3

the judgment or order appealed from is entered for the filing of a notice of appeal in civil cases such as this one where the United States is a party.  Thus, in order for Rule 4(a)(5) to permit the extension Joyner seeks, Joyner would have had to file his motion for an extension by Monday, November 22, 2010.  Joyner did not file his motion for an extension until June 15, 2011.  The court therefore, cannot extend Joyner's deadline for filing a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5).

C.    Relief Pursuant to Rule 60

Joyner alternatively requests that the court vacate its July 27, 2010 judgment and reissue it under Federal Rule of Civil Procedure 60(b)(6) or (d) to restart the clock on his deadline to file a notice of appeal.

Rule 60(b)(6) provides that the court may relieve a party from a final judgment, order, or proceeding for any reason that justifies relief.  *Id.*  Rule 60(d) provides that Rule 60

> does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding; (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or (3) set aside a judgment for fraud on the court.

Joyner's motion does not seek relief from the court's judgment, but instead seeks relief from the deadline for filing a notice of appeal.  Joyner cites no authority indicating that Rule 60 grants the court the power to reissue its judgment in order to restart the clock on his deadline to file a notice of appeal.  In addition, the court has found no such authority.  The Supreme Court made clear in *Bowles* that the courts do not have the authority to create equitable exceptions to jurisdictional requirements, such as the timely filing of a notice of appeal.  The court is without power to grant Joyner an extension to file his notice of appeal in these circumstances.

## III. CONCLUSION

Based upon the foregoing, Joyner's motion for extension of time to refile his notice of appeal (Entry 134) is **denied**.

**IT IS SO ORDERED**.

s/ Margaret B. Seymour
The Honorable Margaret B. Seymour
United States District Judge

June 17, 2011
Columbia, South Carolina

5