IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Joyner, ) | |
| ) | Cr. No. 3:06-016 |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Movant Robert Joyner was indicted on January 4, 2006 and charged with possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A). Respondent United States of America filed an Information pursuant to 21 U.S.C. § 851(a) on March 24, 2006, as amended August 16, 2006, notifying Movant that he was subject to increased penalties based upon prior felony drug convictions in Lexington County, South Carolina on May 3, 1994 (Indictment No. 1994-GS-32-1143); June 6, 2005 (Indictment No. 2005-GS-32-2117); and October 28, 1996 (Indictments No. 1996-GS-32-3076 and Indictment No. 1996-GS-32-3077).

Movant proceeded to trial on August 22, 2006. A jury found Movant guilty on August 23, 2006. On November 1, 2006, Movant was committed to the custody of the Bureau of Prisons for a mandatory sentence of life. Judgment was entered on November 9, 2006. Movant filed a notice of appeal on November 17, 2006. The Court of Appeals for the Fourth Circuit affirmed Movant's conviction on August 15, 2007. See United States v. Joyner, 370 F. App'x 353 (4th Cir. 2007).

On July 16, 2008, Movant, proceeding pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. ECF No. 93. Movant contended that the court lacked

jurisdiction (Ground One); that Respondent engaged in prosecutorial misconduct (Ground Two); that he received ineffective assistance of trial counsel (Ground Three); and that he received ineffective assistance of appellate counsel (Ground Four). Respondent filed a response in opposition to Movant's § 2255 motion on November 1, 2008. By order filed November 2, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Movant was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Movant filed a reply to Respondent's response in opposition on January 15, 2009. On July 27, 2010, the court issued an order in which it found no merit to Movant's claims. The court therefore denied and dismissed Movant's § 2255 motion.

On September 17, 2012, Movant, proceeding pro se, filed a second § 2255 motion in which he contended that he had received ineffective assistance of trial counsel. ECF No. 138. October 18, 2012, Respondent filed a motion to dismiss and a response in opposition to Movant's § 2255 motion on the grounds that Movant had failed to obtain permission from the Court of Appeals to file a successive § 2255 motion, as required by 28 U.S.C. § 2255(h). A Roseboro order was issued on October 19, 2012. On December 17, 2012, Movant moved to withdraw his § 2255 motion. Movant's motion was granted on January 15, 2013.

This matter is again before the court on a § 2255 motion filed by Movant, proceeding pro se, on July 19, 2013. Movant alleges that he received ineffective assistance of trial counsel. On September 23, 2013, Respondent filed a motion to dismiss and response in opposition to Movant's § 2255 motion. Respondent contends that the § 2255 motion should be dismissed because Movant failed to obtain pre-filing authorization from the Fourth Circuit. A Roseboro order was issued on September 23, 2013. Movant filed no response to Respondent's motion to dismiss.

DISCUSSION

As amended by the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255 bars successive collateral review applications unless they contain claims relying on certain types of newly discovered evidence or a new rule of constitutional law that was previously unavailable and made retroactive by the Supreme Court to cases on collateral review. See 28 U.S.C. § 2255. A prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals. See 28 U.S.C. § 2244(b)(3); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) (citing 28 U.S.C. § 2244(b)(3)(a)). Movant has not obtained the requisite authorization.

CONCLUSION

For the reasons stated, Respondent's motion to dismiss (ECF No. 160) is **granted**. Movant's § 2255 motion (ECF No. 152) is **denied and dismissed**, without prejudice.

CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir.2001). The court concludes that Movant has not made the requisite showing. Accordingly,

the court **denies** a certificate of appealability.

    **IT IS SO ORDERED**.

                                            /s/ Margaret B. Seymour
                                            Senior United States District Judge

Columbia, South Carolina

January 21, 2014

**NOTICE OF RIGHT TO APPEAL**

**Movant is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**